**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**CALITO OQUENDO, Defendant**

Crim. No. 93-136

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 13, 1993

## MEMORANDUM AND ORDER

This matter came before this Court on December 3, 1993 for a hearing on defendant Calito Oquendo's motion to dismiss the information against him and the government's response thereto, and upon defendant's motion to exclude the testimony of the alleged victim and the government's response thereto.

Upon consideration of the parties' arguments, and for reasons more fully articulated by this Court in the record during the above-mentioned hearing, it is hereby

ORDERED that defendant's motion to dismiss is DENIED. A person is not entitled to have counsel present during a court-ordered line-up conducted before any charges on that offense are

brought against the individual. The same rule applies even where the person is already represented by counsel on another offense. See United States v. Larkin, 978 F.2d 964 (7th Cir. 1992), cert. denied, 113 S. Ct. 1323 (1993); United States ex rel. Hall v. Lane, 804 F.2d 79 (7th Cir. 1986), cert. denied, 480 U.S. 921 (1987).[1] There is no basis for concluding that defendant was not a genuine suspect at the time that the line-up was conducted or that the government intentionally delayed bringing formal charges against Oquendo in order to deprive him of his right to counsel. Accordingly, the limited exception announced in Hall is not applicable here. See 804 F.2d at 82 ("The right to counsel attaches only when a defendant proves that, at the time of the procedure in question, the government had crossed the constitutionally-significant divide from fact-finder to adversary")[2]

 It is further ORDERED that defendant's motion to exclude the testimony of the alleged victim is DENIED. Defendant asserts that the government's action violates Rule 12.1 of the Federal Rules of Criminal Procedure.[3] As the Third Circuit has indicated, Rule

---

[1] In other words, this Court does not believe that there is any logical basis for concluding, as defense counsel urges, that "a suspect, who would otherwise have no Sixth Amendment right to counsel, is entitled to that right simply because he has been charged with committing another crime." United States ex rel. Espinoza v. Fairman, 813 F.2d 117, 122 (7th Cir.), cert. denied, 483 U.S. 1010 (1987).

[2] This Court also disagrees with counsel's suggestion that the conduct of the prospector and the police violated defendant's right to due process. Defendant was not in custody at the time he was served with the order to appear at the line-up. He was not prevented from contacting Attorney Brusch or any other counsel prior to appearing at the line-up, and there is no indication that a request to delay briefly the line-up pending arrival of such counsel would not have been acceded to by the prosecutor.

[3] Rule 12.1 provides in pertinent part:

(b) . . . [I]n no event less than ten days before trial, unless the court otherwise directs, the attorney for the government shall serve upon the defendant or the defendant's attorney a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense . . . .

(d) Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witnesses offered by such part as to the defendant's absence from or presence at, the scene of the alleged offense.

131

12.1(d) "leaves the question of whether to exclude the . . . [testimony] to the trial court's discretion." United States v. Carter, 756 F.2d 310, 311 (3d Cir. 1985), cert. denied, 478 U.S. 1009 (1986). Moreover, "[t]he primary purpose of Rule 12.1 is clearly to prevent surprise at trial." Id. Because a trial is not yet imminent, the likelihood of surprise is not particularly great at this time.[4] However, defendant may renew his request at a later time without prejudice.

---

(e) For good cause shown, the court may grant an exception to any of the requirements of subdivisions (a) through (d) of this rule.

[4] In refusing to disclose the complainant's name and address, the government has expressed its "belief that this defendant is prone to violence and that to disclose the name and address of the victim at this time would not be in the interest of justice." Government's Response to Defendant's Motion to Exclude Victim Testimony at 3. Although allegations of this sort may not be used as a shield in every instance, other courts have recognized that "the physical safety and protection of potential witnesses constitutes a proper consideration of a trial court in determining whether good cause exists to justify nondisclosure of witnesses to opposing counsel and thus noncompliance with Rule 12.1." United States v. Causey, 834 F.2d 1277, 1282 (6th Cir. 1987), cert. denied, 486 U.S. 1034 (1988).